[Civ. No. 16455. Second Dist., Div. One. July 28, 1948.]

Estate of ELIZABETH GERMAN MacPHERSON, Deceased. MERLE G. BELL et al., Petitioners and Respondents, v. MALCOLM MacPHERSON, Appellant; SECURITY FIRST NATIONAL BANK OF LOS ANGELES, as Administrator With the Will Annexed, Respondent.

Marlan Proctor and Walter B. Gieselman for Appellant.

Alfred J. McGuire, Meserve, Mumper & Hughes and E. Avery Crary for Respondents.

DORAN, J.—This is an appeal from the judgment.

The holographic will which is the basis of the action is as follows:

"January 12, 1941

"What loose money and Bons I want divided amoung my nieses & nephews and the home I have compled goes to my husband ___his day, and then it goes to Mrs. Bessie Pierce, 941 Woolman, Butte Montana if she is gone divided up amoung my relitives.

"Mrs. Elizabeth German MacPherson

"My sisters children lives Belfast Ireland the last I heard"

A brother together with nieces and nephews, joined in a petition for determining interests in the estate in which it was contended that "by her last will and testament and the use of the terms therein 'what loose money and bons I want divided amoung my nieses and nephews' she meant to devise and bequeath to her said nieces and nephews all of her money, postal savings certificates, stocks, and bonds, and other securities which she owned at the time of making the will, including securities secured by real property to her nieces and nephews, the petitioners herein."

Opposition to said petition was filed by the surviving husband of deceased in which it was contended that the testator "by making reference to 'bons,' applied said term only to bonds in their strictest sense, and did not in any manner intend or mean to refer to other types of securities whatsoever; that the Court find that by using the term 'loose money' said decedent referred to only such money as was found on her person or in and around her home at the time of her death, and in no way referred to the money on deposit in the safety deposit box; that by use of the term 'nieses and nephews,' said decedent was referring only to such nieces and nephews as are in Ireland."

The court found in part as follows: "That the word 'loose' as used in the first line of the Will of the said Elizabeth German MacPherson, deceased, is surplusage, and the words 'money and Bons' as used by the testatrix in her Will, bequeathes all money, securities and deposits to nieces and nephews who take per capita."

Quoting from appellant's brief: "This appeal is now taken by the surviving spouse from the judgment on the ground that the Court committed prejudicial error in allowing the introduction of evidence to interpret 'loose money' and 'bons,' and on the further ground that the evidence

which was introduced at the time of trial was not sufficient to change or alter the meaning of the words as set out in said holographic will so as to cause 'loose money' to mean all money, and so as to cause 'bons' to mean all securities." It is also argued that the evidence does not support the findings.

Quoting again from appellant's brief: "Appellant herein contends that the testatrix's intention can be ascertained from the words of the holographic will, and that it must be strictly construed; that there is no imperfect description, mistake, error or omission as referred to in Section 105 of the Probate Code, and the trial court has committed prejudicial error in allowing the introduction of evidence to explain the same." Section 105 of the Probate Code provides that "When there is an imperfect description," or "an uncertainty arises upon the face of a will," mistakes may be corrected and certain evidence is admissible for the purpose of ascertaining the testator's intention. In this connection, appellant argues, "Can it be reasonably stated that, 'loose money' or 'bons' amount to an imperfect description of what is being willed?" Then follows the argument as to what these words obviously refer to according to appellant's viewpoint.

Respondent, on the other hand, points out that if appellant prevails then, "the nieces and nephews would receive only 2½% of the estate," and "the further fact that two-thirds of her estate would pass intestate under Appellant's theory, makes it necessary to resolve every reasonable interpretation of the Will against intestacy, as provided by Section 102 of the Probate Code."

Respondent also relies on section 106 of the Probate Code which relates to interpretation of wills.

█ It appears evident from the foregoing that the trial court was confronted with the necessity of resorting to the authority of section 105 of the Probate Code. Ability to determine the intention of a testator in such circumstances without the aid of the additional evidence authorized under section 105 would indeed be an extraordinary talent. The action of the court in this regard therefore, was not error.

█ The evidence received was appropriate and sufficient to support the findings.

The judgment is affirmed.

York, P. J., and White, J., concurred.